*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* EUBANKS, Minors.

UNPUBLISHED
July 20, 2023

No. 363338
Jackson Circuit Court
Family Division
LC No. 21-002750-NA

Before: M. J. KELLY, P.J., and SHAPIRO and REDFORD, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order terminating her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*).[1] For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises following a report that the children were at risk due to domestic violence, lack of basic necessities, and respondent's substance abuse. At one of the few hearings that respondent attended, she testified that she lacked housing, that she had substance-abuse and domestic-violence issues, and that she could not provide the children with an appropriate environment. When asked if she would be willing to participate in a service plan if ordered by the court, respondent stated that she would do so. Her participation was, however, extremely poor. Accordingly, after more than a year of reunification efforts, petitioner filed a supplemental petition seeking termination of respondent's parental rights. Respondent did not attend the termination hearing. The court found statutory grounds to terminate her parental rights and that termination of her rights was in the children's best interests. This appeal follows.

---

[1] The court also terminated the parental rights of the children's father; however, he has not appealed that decision.

## II.  REUNIFICATION EFFORTS

### A.  STANDARD OF REVIEW

Respondent argues that her due process rights were violated because she was not provided with reasonable efforts to reunify her with the children.  Because she did not preserve this issue, our review is for plain error affecting her substantial rights.  *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).  "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citation omitted).

### B.  ANALYSIS

Generally, "when a child is removed from the parents' custody, the petitioner is required to make reasonable efforts to rectify the conditions that caused the child's removal by adopting a service plan."  *In re Fried*, 266 Mich App 535, 542; 702 NW2d 192 (2005).  Although the petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of the respondents to participate in the services that are offered."  *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

A natural parent has a fundamental liberty interest "in the care, custody, and management" of their child that is protected by the Fourteenth Amendment of the United States Constitution and by Article 1, § 17, of the Michigan Constitution.  *In re Rood*, 483 Mich 73, 91; 763 NW2d 587 (2009) (quotation marks and citations omitted).  In Michigan, procedures to ensure due process to a parent facing termination of her parental rights are set forth by statute, court rule, the Department of Health and Human Services (DHHS) policies and procedures, and federal law.  *Id*. at 93.

When a child is removed, the parents are entitled to notice of the proceedings and representation by a lawyer.  The parent must be notified of and permitted to participate in each hearing, including dispositional review hearings, permanency planning hearings, and termination proceedings.  *Id*. at 94.  The court must hold a preliminary hearing and may authorize a petition upon a showing of probable cause that one or more of the allegations in the petition are true.  *Id*. at 94-95.  The court must permit frequent parenting time unless visits would be harmful to the child, and the court requires an initial service plan to be completed by the petitioning agency for the parents within 30 days of the child's placement.  *Id*. at 95-96.  The agency must report what efforts were made and what services were provided, if any, to prevent removal or to rectify the conditions that caused removal.  *Id*. at 96.

The DHHS policies require the engagement of the family in the development of the service plan, and parents must be encouraged to actively participate.  The foster-care case manager must try to identify and locate absent parents.  The service plan must address what the parents are required to do.  *Id*. at 97.  The service plan must be updated every 90 days, and the court must review the case within 182 days of the child's removal and every 91 days thereafter during the first year of placement.  *Id*. at 99.  At each review hearing, the court must evaluate the parent's compliance with the service plan and any progress made toward alleviating the conditions that

caused the child to be placed in foster care. MCL 712A.19(6) and (7). If the court determines that a child should not be returned to the child's parent, the court is required to order the agency to initiate proceedings to terminate parental rights. *In re Rood*, 483 Mich at 100; MCL 712A.19a(4).

In this case, the trial court complied with the statutory requirements at each hearing and, terminated respondent's parental rights after a careful review of her lack of participation in the case service plan. The children were removed from respondent's care at the beginning of August 2021. The court adjourned the preliminary hearing so that both parents could be appointed legal representation. Subsequently, the court reviewed the case service plan as well as other evidence, including updated court reports, and provided an oral update during each review hearing. The court documented the terms of respondent's case service plan after each review hearing. Further, respondent received proper notice of each hearing and was strongly encouraged to appear by the trial judge, DHHS, the foster-care case manager, and by her lawyer on numerous occasions. Respondent nevertheless failed to appear for each review hearing despite having notice of each hearing.

In addition to not participating in the court proceedings, respondent also failed to take meaningful action toward the completion of the terms of her case service plan. She minimally participated in drug screening, and she tested positive for methamphetamine. Her physical appearance was also indicative of continued abuse of methamphetamine. Her attendance at parenting visits was inconsistent. She did not follow through with referrals for substance-abuse treatment, counseling, and psychological evaluations. Further, she eventually stopped consulting with the caseworker and her own lawyer.

Overall, although services were available, respondent failed to avail herself of them. Based on this record, the trial court's termination of respondent's parental rights did not violate her due-process rights.

Affirmed.

/s/ Michael J. Kelly
/s/ Douglas B. Shapiro
/s/ James Robert Redford

-3-